## 19168.   CUMBIE *v*. THE STATE.

DECIDED NOVEMBER 14, 1928.

*Smith & Millican,* for plaintiff in error.

*Emmett Smith, solicitor,* contra.

LUKE, J.   The accusation in this case contains two counts.   The first count charges that M. C. Cumbie did "operate a motor-vehicle, the same being a four-door Buick Sedan automobile, before registering said automobile in the office of the Commissioner of Vehicles of the State of Georgia and obtaining a license to operate the same."   The second count charges that the defendant used said automobile upon the highways of Carroll County, Ga., "without at all times displaying the number plate assigned to it on the rear of said machine in such position so as not to swing, and plainly legible at all times."

The general verdict of guilty was a conviction on both counts. *Tooke* v. *State,* 4 *Ga. App.* 495 (3-*a*) (61 S. E. 917).

Ground 7 of the motion for a new trial complains of the following instruction to the jury:   "The question of the ownership of

the car is immaterial in this case, as to whether M. C. Cumbie owned it, or whether the corporation referred to was the owner, or whether it was sold to the boy Roy Cumbie." The core of the exception to this instruction is that this was not a correct statement of the law as to count 1 of the accusation, and denied Cumbie his defense that he was not the owner of the automobile.

Count 1 is drawn under the act of 1927 (Ga. L. 1927, p. 228; Park's Code Supp. 1928, § 828(uu-19)). That law reads: "Every owner of a motor-vehicle . . shall, on or before the first day of February in each year, before he shall operate such motor-vehicle, tractor, trailer, or motorcycle, register such vehicle in the office of the Commissioner of Vehicles, and obtain a license to operate the same for the ensuing year; and every chauffeur employed to operate motor-vehicles shall likewise register and obtain a license as hereinafter provided." There is no intimation in the record that the defendant was a chauffeur, and there was evidence (which was disputed) that he owned the automobile.

The ownership of the automobile being in issue, regardless of the fact that the statute was correctly read to the jury in another part of the charge, we think that the charge was calculated to lead the jury to believe that as to count 1 the ownership of the automobile made no difference; and the charge was therefore prejudicial and likely to mislead the jury in their consideration of count 1 of the accusation. Because of this error a new trial is granted. The other special grounds need no further elaboration than is given them in the headnotes; and, since the case goes back for another trial, the general grounds of the motion for a new trial will not be discussed.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*